STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.CV-00-177
DHM - KEN- 4/8/2002

DONALD L. GARBRECHT
LAW LIBRARY

[MAY 10 2002

RANDOLPH BARBER,
o/b/o JONATHAN BARBER
and BENJAMIN BARBER,

Plaintiff

v.

THOMAS McDONNELL,

Defendant

**DECISION AND ORDER**

This matter is before the court after bench hearing on damages. The plaintiff brings this action on behalf of his two minor sons. In his complaint, he alleges that on or about August 20, 1998, the defendant did sexually molest the two minor sons, Jonathan (dob: November 20, 1989) and Benjamin (dob: November 27, 1990). In his complaint, plaintiff seeks compensatory and punitive damages.

After service of the complaint on defendant while incarcerated in a Michigan County Jail, plaintiff obtained from the clerk an entry of default on October 17, 2000.

In October of 2001, the defendant moved to set aside the default. The matter was set for hearing, the defendant was represented by counsel and he was given the opportunity to testify. At the conclusion of the hearing, the court denied the motion to set aside the default and proceeded to conduct a hearing on damages.

In August of 1998, Jonathan was eight years old and Benjamin was seven years old. Their mother and father were divorced where it appears that the mother abandoned the family suffering serious effects of mental illness including drug and alcohol abuse. The boys were living with their father, a disabled Vietnam veteran suffering from post-traumatic stress disorder and with other physical ailments.

Benjamin was showing effects of learning disabilities. Both boys had suffered trauma at the hands of their mother as a result of manifestations of her mental illness and substance abuse and father's parenting skills were sorely tested by his diagnosed emotional state.

In August of 1998, the boys visited their mother in Greenville at a campground. The defendant was a friend of their mother's. She encouraged the boys to befriend the defendant and the boys trusted the defendant because of his relationship with their mother.

The defendant was very attentive to the boys, buying them ice cream three or four times a day, taking them swimming, allowing them to steer his car, and other close activities. On occasion, they would sleep in the defendant's tent in their sleeping bags.

On multiple occasions, the defendant encouraged nakedness on the part of the boys, at least as it pertained to their genital area. He encouraged them to swim in the nude, if their pants became wet he encouraged them to dress only in a t-shirt, he would periodically closely examine their anus on the grounds that he wished to assure that they had properly wiped themselves after a bowel movement. When the boys slept in defendant's tent, they wore only a t-shirt. This exposure presented opportunities for the defendant to fondle the genitalia of the boys which he did. At some point, Jonathan, and possibly Benjamin, objected to the nudity and particularly the hugging and kissing which was often attempted by the defendant. When the activities were reported to their mother, she refused to believe them. However, upon return to their father's residence, a report by the boys prompted an immediate report to law enforcement authorities.

The incident further strained relationships between the plaintiff and the mother of his children. Even though there was an attempt at reconciliation by the mother returning to the father's residence, that came to an end in a violent episode. The father claims that the mother became violent and was instructed to remove herself from the home while mother complained to the law enforcement authorities that she had been assaulted by the father. As a result, the plaintiff was arrested and, unable to make bail, spent five months in the county jail ultimately pleading no contest.

The obvious relevance of this history is to characterize the emotional environment of the boys both before and after the sexual abuse in question.

The effects of the sexual abuse on the boys is somewhat more aggravated in Benjamin than that of Jonathan. First of all, he was a year younger at the time of the abuse. Secondly, he already was experiencing some learning difficulties resulting in an increased susceptibility to injury. Whether it was totally created by the sexual assault or simply aggravated by the sexual assault, Benjamin has been diagnosed as suffering from post-traumatic stress disorder and to some extent displays an attention deficit hyperactivity disorder. Starting in late 1998, the boys received counseling both from the Winthrop Health Center and the Kennebec Valley Mental Health Center. Benjamin developed an aversion to tents, his sleeping bags and ice cream. He expressed concerns about being safe, particularly when he was aware the defendant was not in jail. His relationship with his father worsened. He found it difficult to express his feelings. At one point, he would not go to McDonald's because of the name similarity. Animosity developed between the boys and the boys and their father. He became fearful of bald men and going swimming. Hr missed school because of somatic complaints. He had difficulty sleeping through the night, became fearful of the dark, and continued to

3

attempt to sleep with their father. He feels sadness and an ongoing sense of loss due to the unreliable contact with his mother and continues to need family-based counseling services and further psycho-educational evaluation.

Jonathan has faired a little better. While he initially displayed the same symptoms as Benjamin, he appears to have had better success in addressing the problems and no longer spends considerable time thinking about the abuse. However, he, too, is diagnosed with post-traumatic stress disorder and has shown some signs of attention deficit hyperactivity disorder. He has difficulty trusting people, particular bald-headed men. He has gone through periods of anger, fright, and sadness. Jonathan, particularly, becomes upset when his father brings women home and has vocally expressed, in their presence, that his father only wants to use them for sex.

The last psycho-social assessment was made in January of 2001. The recommendation was for continuing counseling, updated psycho-educational evaluation for Benjamin, continued positive parenting activities on the part of the plaintiff and an encouragement of those things enjoyed by the boys, particularly swimming. Such an evaluation suggests a continuing need by the children for professional assistance.

While the sexual abuse is rather mild in comparison to the total span or manner in which sexual abuse could occur between a grown man and a seven or eight year old, the effect is substantial and lifelong. In addition, these children were particularly susceptible based upon their family environment and the stresses created by the deficiencies of both the father and the mother and the marital dissolution. Whether the defendant was aware of the status of the plaintiff, he certainly was aware of the psychological and emotional status of the mother and, by reasonable inference, the

4

susceptibility of the children to harm. The law in Maine is clear that if at the time of the abuse the victim had a condition that made him more susceptible to an injury than a person in good health or good mental and emotional status, the defendant is responsible for all injuries suffered by the plaintiff as the result of defendant's molestation even if those injuries are greater than would have been suffered by a person in good health under the same circumstances. In addition, in consideration of emotional distress, the law is clear that if the victim suffered severe emotional distress proximately caused by the defendant's activity and if it was reasonably foreseeable that a person of normal sensitivities would suffer severe emotional distress under the circumstances, than the court is obligated to award damages that would fairly and justly compensate the victim for the full extent of the plaintiff's emotional distress even if the victim's emotional distress was greater than the distress which would have been suffered by a person of normal sensitivities.

Jonathan Barber suffered severe emotional and mental distress by reason of a sexual molestation by the defendant and such activities took place when Jonathan was particularly susceptible to distress, confusion and anxiety based upon the family relationship and the circumstances of his father and mother. After the span of almost four years, it appears he has made substantial progress in his adjustment. He performs well in school, has improved his ability to communicate, and appears to be a good candidate for further success from counseling.

Benjamin was much more susceptible to damage at the time of the abuse and has continued to have greater needs than Jonathan. He has not been as successful in making an adjustment to the past experiences and will need greater assistance in order to meet the minimum requirements of his formal education.

5

It appears that the defendant has spent the better part of the last few years in jail. It would appear that he displays symptoms of pedophilia or, at the very least, aberrant sexual behavior. Criminal charges arising out of the incidents discussed herein have yet to be resolved.[1] The court has no evidence with respect to the financial means of the defendant but, from all of the circumstances, they appear to be limited. As a consequence, the court limits the punitive damages to that which would achieve the goal of punishing the defendant for his malicious and outrageous conduct with the plaintiff's children. The court is satisfied that, as a matter of law, sexual abuse of a young child such that would give rise to violation of criminal laws at the felony level is such malicious conduct as to clearly justify the imposition of punitive damages.

For all the reasons stated, the entry will be:

Judgment for the plaintiff on behalf of Benjamin Barber for compensatory damages of $75,000; judgment for plaintiff on behalf of Jonathan Barber for compensatory damages of $50,000; judgment for plaintiff on behalf of Jonathan Barber as punitive damages of $100,000; judgment for plaintiff on behalf of Benjamin Barber as punitive damages of $100,000.

Dated: April____, 2002

Donald H. Marden
Justice, Superior Court

---

[1] The court notes that a trial on these criminal charges will require the testimony of Jonathan and Benjamin. The court would anticipate that this would have a negative effect on their rehabilitation. This would be the second occasion with the children testifying in open court. This will require further intensive professional assistance as a result.

Date Filed __8/25/00__ _____Kennebec_____ Docket No. __CV00-177__
County

Action ____Other Civil____

Randolph Barber o/b/o/ Benjamin Barber   vs.   Thomas J. McDonnell

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sumner H, Lipman, Esq. 227 Water Street P.O. Box 1051 Augusta, Maine 04332-1051 | Thomas McDonnell c/o Chippewa County Jail Salt Ste. Marie, MI 49893 (PISCATAQUIS COUNTY JAIL) Christopher D. Smith, Esq. P.O. Box 1006 Bangor, Maine 04402-1006 |

| Date of Entry | |
|---|---|
| 8/28/00 | Complaint, filed. s/Lipman, Esq. (filed 8/25/00) Case File Notice mailed to atty. |
| 9/7/00 | Original Summons with return service on thomas J. McDonnell on 8/30/00, filed. |
| 10/16/00 | Affidavit and Request for Default and Default Judgment, filed. s/Lipman, Es |
| 10/18/00 | ENTRY OF DEFAULT AGAINST THOMAS J. MCDONNELL. s/Desjardin, Clerk. Copy mailed to atty. |
| 10/23/00 | Letter from attorney Lipman requesting case be scheduled for hearing on damages, filed. |
| 11/7/00 | Letter requesting hearing on damages with the next jury waived list, filed. s/Sumner Lipman, Esq. |
| 12/5/00 | Motion for Continuance, filed. s/Thomas McDonnell, Pro Se |
| 12/18/00 | MOTION FOR CONTINUANCE, Atwood, J. Motion granted, without objection. Copies mailed to atty and Dft. |
| 4/23/01 | Letter from attorney Lipman informing the court that he has now received the additional medical records and case is in order for hearing. |
| 8/20/01 | Letter from attorney Lipman regarding the scheduling of this case, filed. |
| 9/20/01 | Case set for hearing on Monday, September 24, 2001 at 10:00 a.m. Notice of Hearing issued to S. Lipman, Esq. and Thomas McDonnell. |
| 9/20/01 | Writ of Habeas Corpus issued. s/Atwood, J. Attested copies give to KSO this date. (Randy Evans) |